**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK A. MATTHEWS,

                Petitioner,                           Case No. 15-12264
                                                       Hon. Terrence G. Berg

v.

THOMAS WINN,

                Respondent,
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO STAY (Dkt. # 9), (2) HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS, AND (3) ADMINISTRATIVELY CLOSING THE CASE.**

      Frederick Matthews ("Petitioner") confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, Petitioner challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b.  Petitioner has filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted and that are not included in his current habeas petition.

      For the reasons stated below, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust his additional claims.  The Court will also administratively close the case.

## I.   FACTUAL BACKGROUND

Petitioner was convicted by a jury in the Allegan County Circuit Court. Petitioner's conviction was affirmed on appeal.  *People v. Matthews,* No. 313021, 2014 WL 129327 (Mich. Ct. App. Jan. 14, 2014); *People v. Matthews*, 496 Mich. 865, 849 N.W. 2d 358 (2014).

On June 16, 2015, Petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the claims that he raised in the state courts on his direct appeal.

Petitioner has now filed a motion to stay the proceedings and hold the petition in abeyance so that he can return to the state courts and exhaust additional claims that are not included in his current petition.

## II.   DISCUSSION

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts.  *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 Fed. App'x. 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F. 3d at 83); *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).  Indeed, although

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed his habeas petition on June 16, 2015, the date that it was signed and dated.  *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F. 3d at 82 (internal quotation omitted); *see also Bowling,* 246 Fed. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust his new claims. In making this determination, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.* Other considerations also merit granting a stay. This Court is currently not in a position to determine whether Petitioner's new claims have any merit, thus, the Court cannot say that his claims are "plainly meritless." *Id.* at 943. Nor, on the

other hand, can the Court conclude that Petitioner's new claims plainly warrant habeas relief.  *Id.*  If the state courts deny post-conviction relief, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend his petition to add these claims.  *Id.*  Finally, this Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims.  *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings.  *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts.  This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within 90 days of receiving this Court's order and returning to federal court within 90 days of completing the

exhaustion of state court post-conviction remedies.  *Hargrove,* 300 F. 3d at 721*; see also Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Allegan County Circuit Court under M.C.R. 6.502.  *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *see also Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing.  M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion.  *See e.g., Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

## III. ORDER

Accordingly, the Court Petitioner's motion to stay and hold his habeas petition in abeyance is **GRANTED**. (Dkt. 9.).  Petitioner must file a motion for relief from judgment in state court within **90 days of entry of this order**, that is, by August 22, 2016 and then Petitioner must immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself.  If he fails

to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands.  Within 90 days after the conclusion of the state-court post-conviction proceedings, Petitioner may move to amend his habeas petition to add his new claims.  Otherwise, Petitioner must inform the Court that he will proceed with the petition as is.  To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only.  Nothing in this order shall be considered a disposition of Petitioner's petition.  *See Thomas v. Stoddard,* 89 F. Supp. 3d at 943-44.

**SO ORDERED.**


Dated:  June 10, 2016                         s/Terrence G. Berg
                                              TERRENCE G. BERG
                                              UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on June 10, 2016, using the CM/ECF system; a copy of this Order was also mailed to the Saginaw Correctional Facility located at 9625 Pierce Rd., Freeland, Michigan 48623 directed to Petitioner's attention.

                                              s/A. Chubb
                                              Case Manager