**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDERICK A. MATTHEWS,

     Petitioner,                    Case No. 4:15-CV-12264
                                       HONORABLE TERRENCE G. BERG

v.

SHANE JACKSON,[1]

     Respondent,

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART
THE PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY**

     Frederick Matthews, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and possession of a firearm in the commission of a felony [felony-firearm], Mich. Comp. Laws § 750.227b.

     The Court finds that there was insufficient evidence to sustain Petitioner's convictions for first-degree home invasion and felony-firearm. The Court grants the writ in part, vacates Petitioner's felony-firearm conviction and remands the case to

---

[1] The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Shane Jackson, the warden of the prison where Petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

the state court to vacate Petitioner's first degree home invasion conviction and enter a judgment of guilt on the lesser included offense of second-degree home invasion and re-sentence Petitioner on this offense. The petition is DENIED with respect to Petitioner's remaining claims.

## I. FACTUAL BACKGROUND

Petitioner was convicted following a jury trial in the Allegan County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F. 3d 410, 413 (6th Cir. 2009):

> The record supports that defendant and his accomplice were involved in a home invasion in the late morning of June 29, 2011. The homeowner returned home during the home invasion and noticed an unfamiliar Chevy Impala parked in his driveway with the engine running but nobody inside the vehicle. As the homeowner was investigating the Impala, he saw defendant's accomplice walk out of the garage that was attached to the house. The homeowner confronted the accomplice and told him to wait for the police to arrive. About five minutes after confronting the accomplice, the homeowner saw defendant run through his backyard away from his house. Defendant ran into the cornfield that was located beyond the homeowner's backyard. Employees at an industrial gravel pit bordering the cornfield saw defendant emerge from the cornfield soon after he fled the house. The police apprehended defendant at the gravel pit and brought him to the homeowner's house, where he identified defendant with 85 percent certainty as the man who fled through his backyard. Meanwhile, the police apprehended defendant's accomplice who had fled in the Impala. The police recovered items from the Impala that belonged to the homeowner and also found a pair of gloves outside the house next to a crowbar or chisel.
>
> At trial, the homeowner testified that he was "positive" that defendant was the man who fled through his backyard on the day in question. A DNA expert testified that she tested the gloves found at the house and determined that the DNA recovered from the gloves matched

defendant's DNA. The homeowner and his wife each testified that they did not give anyone permission to enter their house on the day in question. They further testified that when they searched their house after the home invasion, they observed that the sliding door that opened to the backyard had been unlocked and left open. The homeowners also testified that several items were missing and other items were relocated within the house. A camera, iPod, and laptop computer had been gathered into a beach bag and moved into the closet of their guest bedroom. The bag was found on top of a handgun that had been in the master bedroom.

*People v. Matthews,* No. 313021, 2014 WL 129327, at * 1 (Mich. Ct. App. Jan. 14, 2014).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 496 Mich. 865, 849 N.W. 2d 358 (2014).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit Petitioner to return to the state courts to exhaust additional claims. *Matthews v. Winn,* No. 15-12264, 2016 WL 3213458, at *1 (E.D. Mich. June 10, 2016).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Matthews,* No. 11-17298-FH (Allegan Cty.Cir.Ct., Apr. 30, 2015). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Matthews,* No. 329994 (Mich.Ct.App. Jan. 6, 2016); *lv. den.* 500 Mich. 895, 887 N.W. 2d 204 (2016).

This Court subsequently reopened the case to the Court's active docket and permitted Petitioner to amend his habeas petition. Petitioner seeks habeas relief on the following claims: (1) the evidence was insufficient to convict, (2) Petitioner was

denied his right to counsel of his choice, (3) Petitioner was denied his right to enter into a sentence agreement with the trial court pursuant to *People v. Cobbs,* (4) prosecutorial misconduct denied Petitioner a fair trial, (5) Petitioner was denied a fair trial because of defective jury instructions; trial counsel was ineffective for failing to object, (6) Petitioner was denied a jury drawn from a fair cross-section of the community; trial counsel was ineffective for failing to object, and (7) ineffective assistance of appellate counsel.

## II. LEGAL STANDARD

28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III. DISCUSSION

**A. Claim # 1. There was insufficient evidence to convict Petitioner of first-degree home invasion and felony-firearm but there was sufficient evidence to convict Petitioner of the lesser offense of second-degree home invasion either as a principal or as an accessory.**

Petitioner first contends that there was insufficient evidence to convict him. The Court agrees in part.

This Court notes that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the crucial question when reviewing the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

When considering a challenge to the sufficiency of the evidence to convict, the reviewing court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) (internal quotation omitted); *See also Saxton v. Sheets*, 547 F.3d 597, 606 (6th Cir. 2008) ("A conviction may be sustained based on nothing more than circumstantial evidence.").

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard, that is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); s*ee also Cavazos v. Smith,* 565 U.S. 1, 2 (2011).

Petitioner initially contends that there was insufficient evidence to prove that he participated in the home invasion, either as a principal or as an aider and abettor. The Michigan Court of Appeals rejected Petitioner's claim:

> Here, the evidence, when viewed in a light most favorable to the prosecution, supports the reasonable inference that defendant helped procure the vehicle used for the home invasion and that he and his accomplice drove to the house and entered it without permission with

the intent to steal items of value. The prosecution presented evidence that defendant's girlfriend rented the Impala two days before the crime; the Impala was left in the driveway with its engine running during the home invasion; gloves containing defendant's DNA were found outside the house next to break-in tools; items of value were relocated within the house or taken from the house, and both defendant and his accomplice fled the scene after the homeowner arrived home unexpectedly. The evidence also established that the back sliding door was left ajar after the home invasion; and the homeowner who interrupted the home invasion testified that defendant ran through the backyard away from the house soon after his accomplice exited the garage door on the side of the house. This evidence, viewed in a light most favorable to the prosecution and making all reasonable inferences in favor of the jury verdict, supports that defendant entered the house without permission and with the intent to commit larceny therein or intentionally and knowingly assisted another to commit those acts.

*People v. Matthews*, 2014 WL 129327, at *2 (Mich. Ct. App. Jan. 14, 2014).

Mich. Comp. Laws § 750.110a(2) states that:

A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.
(b) Another person is lawfully present in the dwelling.

Michigan's first-degree home invasion statute includes all of the elements of the burglary of a dwelling, but also requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004) (citing *United States v. Garcia-Serrano,* 107 F. App'x. 495, 496-97 (6th Cir. 2004)). Second-degree home invasion is a necessarily-included offense of first-degree home invasion. *See People v. Banks*, No. 278800, 2008 WL 5054678, at *3 (Mich. Ct. App. Oct. 14, 2008). The elements of second degree

7

home invasion under Michigan law are "(1) a breaking, (2) an entry, and (3) specific intent to commit a felony or a listed crime." *United States v. Howard*, 327 F. App'x. 573, 575 (6th Cir. 2009).

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x. 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

In the present case, the Michigan Court of Appeals reasonably concluded that there was sufficient evidence to establish Petitioner's knowing participation in the break-in of the home. This evidence, at a minimum, established Petitioner's guilt on the charge of second-degree home invasion. Petitioner's girlfriend rented the vehicle that was left parked in the driveway during the break-in. Police found gloves containing Petitioner's DNA outside the house next to burglary tools. Numerous items of value were moved within the house or removed from the house. The homeowner confronted Petitioner's accomplice and told him to wait for the police to arrive. About five minutes later, the homeowner observed Petitioner run through his backyard away from the home into an adjoining cornfield. Employees at an industrial gravel pit next to the cornfield witnessed Petitioner emerge from the cornfield soon after he fled the house. The police arrested Petitioner at the gravel pit and brought him to the homeowner's house, where he identified Petitioner with 85-percent certainty as the man who fled through his backyard. This evidence, viewed in a light most favorable to the prosecution, clearly established Petitioner's involvement in the

home invasion, either as a principal or as an aider and abettor, proving the offense of second-degree home invasion.

Petitioner argues, however, that the evidence was insufficient to sustain his conviction for first-degree home invasion and felony-firearm because it did not establish any connection between Petitioner and the victim's firearm, which was recovered in the home.

The Michigan Court of Appeals rejected Petitioner's claim:

> Moreover, the evidence supported the reasonable inference that during the commission of the home invasion and larceny, either defendant or his accomplice discovered a firearm belonging to the homeowner, possessed this firearm, and subsequently discarded the firearm along with other valuable items. *Although the prosecution was unable to present evidence linking defendant, rather than his accomplice, to the possession of the firearm*, the possession of the firearm was a natural and probable consequence of the intended home invasion. Because "a defendant is liable for the crime the defendant intends to aid or abet as well as the natural and probable consequences of that crime," this evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant either possessed a firearm or aided and abetted his accomplice's possession during the home invasion. Thus, viewed in a light most favorable to the prosecution and making all reasonable inferences in favor of the jury verdict, the evidence was sufficient to sustain defendant's convictions of first-degree home invasion and felony-firearm, i.e., the jury could have found that the essential elements of the crimes were proven beyond a reasonable doubt.

*People v. Matthews*, 2014 WL 129327, at * 3 (internal citations omitted) (emphasis added).

As mentioned above, the first-degree home invasion statute requires that the defendant be armed with a dangerous weapon and/or that the dwelling be occupied. *See Johnson v. Warren,* 344 F. Supp. 2d at 1093. The elements of felony-firearm are

that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. *See Parker v. Renico,* 506 F. 3d 444, 448 (6th Cir. 2007).

Under Michigan law, possession of a firearm can be either actual or constructive. *Id.* (citing *People v. Hill*, 433 Mich. 464; 446 N.W.2d 140, 143 (1989)). Under both federal and Michigan law, "a person has constructive possession if there is proximity to the [weapon] together with indicia of control." *Id.* "Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Parker,* 506 F. 3d at 448, n. 3 (quoting *Hill,* 446 N.W. at 143). "As applied, 'reasonable access' is best calibrated to instances where a defendant commits a crime emboldened by a firearm available, but not in hand." *Id.* The Sixth Circuit notes that "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Id.* at 449 *(*quoting *United States v. Craven*, 478 F. 2d 1329, 1333 (6th Cir.1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977)).

In the present case, the Michigan Court of Appeals acknowledged that the prosecution failed to present any evidence linking Petitioner directly to the firearm. No witnesses testified that they either observed Petitioner with the weapon or that he was in a position to access or control it. The co-defendant, who separately pleaded guilty to *second-degree* home invasion, was not called as a witness to testify. Petitioner's fingerprints or DNA were not recovered from the firearm. The evidence

does not show that Petitioner actually possessed the firearm nor that he had it constructively in his possession.

The Michigan Court of Appeals acknowledges this, but held that Petitioner could be convicted as an aider and abettor of first-degree home invasion and felony-firearm "because the possession of the firearm was a natural and probable consequence of the intended home invasion." *People v. Matthews*, 2014 WL 129327, at * 3.

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

1. the crime charged was committed by the defendant or some other person;

2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and

3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Riley v. Berghuis,* 481 F. 3d 315, 322 (6th Cir. 2007) (*citing People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

The Michigan Supreme Court has held that Michigan's aiding and abetting statute embraces "the common-law theory that a defendant can be held criminally liable as an accomplice if: (1) the defendant intends or is aware that the principal is going to commit a specific criminal act; or (2) the criminal act committed by the principal is an 'incidental consequence[ ] which might reasonably be expected to result from the intended wrong.'" *People v. Robinson,* 475 Mich. 1, 9; 715 N.W. 2d 44

(2006) (*quoting* Perkins, Criminal Law (3d ed.), pp. 741-43, 745). Thus, "a defendant is liable for the crime the defendant intends to aid or abet as well as the natural and probable consequences of that crime." *Id.,* at pp. 14-15.

In view of these elements, the Michigan Court of Appeals' conclusion that the evidence was sufficient to prove that defendant aided and abetted first degree home invasion and felony firearm was unreasonable. In this case, "the natural and probable consequences" of the home invasion did not necessarily involve any firearm possession. The evidence did not show that Petitioner and his co-defendant knew that a firearm would be found in the victim's house nor did it show that they had any plan or intention to steal firearms when they broke into the house. The prosecution did not even present evidence that finding a firearm inside of a house is a natural or probable consequence of the typical home invasion.

The evidence at most established "reasonable speculation" that Petitioner might have known that his co-defendant was going to find and attempt to steal a firearm. "Reasonable speculation," however, is insufficient evidence to sustain a verdict. *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017); *petition for cert. filed* No. 17-729 (U.S.). Mere suspicion cannot sustain a verdict of guilt beyond a reasonable doubt. *See United States v. Jenkins,* 345 F. 3d 928, 942 (6th Cir. 2003); *see also United States v. Hayter Oil Co., Inc. of Greeneville, Tennessee*, 51 F. 3d 1265, 1271, n. 5 (6th Cir. 1995) (quoting *United States v. Van Hee*, 531 F. 2d 352, 357 (6th Cir. 1976)) ("'[e]vidence that at most establishes no more than a choice of reasonable probabilities

cannot be said to be sufficiently substantial to sustain a criminal conviction upon appeal.'").

In *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981), the Sixth Circuit held that in a prosecution for felony-murder, the evidence established, at most, that the petitioner was present when another individual firebombed the house. That was held to be insufficient to establish beyond a reasonable doubt that petitioner took conscious action to aid in the commission of the underlying arson. *Id.* at 424. The evidence in *Fuller* was the petitioner had looked around while another person started the fires that caused the victim's death. Although it may have been reasonable to speculate from this evidence that petitioner acted as a lookout, a rational jury could not find it to be proof beyond a reasonable doubt that the petitioner aided and abetted in the offense, where there was no evidence that the petitioner intended to burn the victims' home and the evidence that he knew that this other individual planned to burn it was "simply too meager" to support his conviction.

In *Hopson v. Foltz,* 818 F. 2d 866 (Table); 1987 WL 37432, * 2 (6th Cir. May 20, 1987), the Sixth Circuit, in granting a writ of habeas corpus, found that there was insufficient evidence for a jury to find beyond a reasonable doubt that the petitioner participated as an aider and abettor in the murder for which he was convicted. The testimony at best suggested that the petitioner in *Hopson* was present at the shooting, that he may have argued with the victim during the evening prior to the shooting, that he may have known that someone else intended to harm the victim, and that he may have taken the empty shell casings after the shooting. However,

there was no proof that the petitioner "acted in pre-concert" with the shooter to commit the murder or that he said or did anything to "support, encourage, or incite the commission of the crime." *Id.*

In *Brown v. Palmer,* 441 F. 3d 347, 352 (6th Cir. 2006), the Sixth Circuit observed that even though *Fuller* and *Hopson* were pre-AEDPA [Antiterrorism and Effective Death Penalty Act] cases, "[t]heir holdings that distinguish reasonable speculation from sufficient evidence are still persuasive in establishing that the state court's application of federal constitutional law as set forth in *Jackson,* was objectively unreasonable."

In the present case, without impermissibly stacking inferences, there is insufficient evidence for a rational trier of fact to conclude that Petitioner knowingly possessed the firearm; that he knew that his co-defendant possessed the firearm; or that he and his co-defendant intended to steal a firearm. Without sufficient proof as to any of these facts, the evidence cannot reasonably support his convictions for first-degree home invasion and felony-firearm. *See Kelly v. Roberts,* 998 F. 2d 802, 808-09 (10th Cir. 1993). "[A]lthough a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." *Piaskowski v. Bett,* 256 F. 3d 687, 693 (7th Cir. 2001). In this case, the chain of inferences that the prosecution attempted to forge fails in many places. *Id.*

"Although circumstantial evidence alone can support a conviction, there are times that it amounts to only a reasonable speculation and not to sufficient evidence."

*Newman v. Metrish*, 543 F. 3d 793, 796 (6th Cir. 2008). In this case, the "meager circumstantial evidence" is simply too innocuous to convict Petitioner of first-degree home invasion and felony-firearm on a theory that the natural and probable consequences of the home invasion would be his co-defendant finding and attempting to steal a firearm, particularly since much of it is "conjecture camouflaged as evidence." *Piaskowski,* 256 F. 3d at 693. The evidence is simply too speculative to support Petitioner's conviction. *See, e.g., Parker v. Renico*, 506 F.3d at 452 (evidence that Parker was in a car containing guns with men who planned a murder was too speculative to support a finding that Parker constructively possessed the firearm).

Accordingly, the Michigan Court of Appeals' conclusion that Petitioner could be convicted of first-degree home invasion and felony-firearm as an aider and abettor was an unreasonable application of clearly established federal law and an unreasonable determination of the facts.

A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Gall v. Parker,* 231 F. 3d 265, 335 (6th Cir. 2000). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require."

While the evidence was not sufficient for any reasonable person to convict Petitioner of first-degree home invasion or felony-firearm, it was clearly sufficient to convict him of the lesser included offense of second-degree home invasion. The Supreme Court has noted that "federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense

when a conviction for a greater offense is reversed on grounds that affect only the greater offense." *Rutledge v. United States*, 517 U.S. 292, 306 (1996). One of the cases cited to by the Supreme Court in *Rutledge* was *United States v. Ward*, 37 F.3d 243, 251 (6th Cir. 1994), in which the Sixth Circuit, after finding insufficient evidence to support a conviction for continuing criminal enterprise (CCE), vacated the conviction and remanded the case to the district court for a judgment on the conspiracy count, which the district court had previously vacated as a lesser included offense of CCE.

The Court will therefore conditionally grant a writ of habeas corpus and afford the State of Michigan 90 days to vacate Petitioner's first-degree home invasion conviction, enter a judgment with respect to the lesser offense of second-degree home invasion, and re-sentence Petitioner accordingly. *See Douglas v. Jacquez*, 626 F.3d 501, 505 (9th Cir. 2010).

With respect to the felony-firearm conviction, there is insufficient evidence to sustain that conviction. The appropriate remedy with respect to this charge is to issue an unconditional writ and vacate the conviction. *See Brown v. Palmer,* 358 F. Supp. 2d 648, 656 (E.D. Mich. 2005). Because the Court is granting Petitioner a writ of habeas corpus on his first claim, the Court will only briefly address Petitioner's remaining claims. *Id.*

### B. Claim # 2. Petitioner failed to show he was denied the counsel of choice.

Petitioner claims he was denied his right to the counsel of his choice because the Allegan County Jail where he was a pre-trial detainee had a policy of not permitting inmates jail visits from attorneys who were not the defendant's attorney

of record and this prevented him from interviewing potential attorneys whom he wanted to retain.

The Michigan Court of Appeals rejected the claim:

The record before us contains no evidence of the alleged Allegan County Jail policy. Moreover, the record supports that defendant retained trial counsel, who represented him at the July 19, 2011 preliminary examination, at each of the subsequent six motion hearings, at trial, and at the sentencing hearing. Nothing in the lower court record indicates that defendant ever objected to his trial counsel's representation or sought to replace counsel with a different attorney. Defendant never asserted before the trial court that he was denied the right to counsel of his choice. In sum, nothing in the record before us supports that defendant attempted to meet with other counsel or that the Allegan County Jail had a policy would have prevented defendant from retaining other counsel. Thus, defendant has not met his burden of providing a factual basis for his claim that he was denied his right to counsel of his choice.

*People v. Matthews*, 2014 WL 129327, at * 4.

The Sixth Amendment right to counsel includes the right of a defendant who has the resources to retain counsel to choose the attorney who will represent him or her. *U.S. v. Gonzalez-Lopez,* 548 U.S. 140, 144 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Where a criminal defendant's right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary for a reviewing court to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. *Id.* at 148: "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.*

Here, Petitioner submitted no evidence to the Michigan Court of Appeals or to this Court that the Allegan County Jail had a policy which prevented him from

meeting at the jail with lawyers who were not his attorney of record. Consequently, Petitioner is not entitled to relief on this claim. The record shows that Petitioner was represented by retained trial counsel and that Petitioner never requested to hire another attorney or raised any concerns with the court about his inability to have the attorney of his choice. Conclusory allegations by a habeas Petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief). Petitioner is not entitled to habeas relief on his second claim.

**C. Claim # 3. The *Cobbs* claim.**

Petitioner next contends that he was denied the equal protection of the law because the judges in Allegan County had a policy of refusing to engage in sentencing bargaining with defendants, as per *People v. Cobbs,* 443 Mich. 276, 505 N.W.2d 208 (1993), where the Michigan Supreme Court authorized a judge to preliminarily indicate the appropriate length of sentence, but if the defendant subsequently pleads guilty and the judge determines that the sentence must exceed the preliminary evaluation, the defendant has an absolute right to withdraw the plea. *See* M.C.R. 6.310(B)(2)(b); *Wright v. Lafler*, 247 F. App'x. 701, 703 n.1 (6th Cir. 2007).

Petitioner is not entitled to relief on his claim.

First, Petitioner presented no evidence, either to the Michigan Court of Appeals, or to this Court, other than his own affidavit, that such a policy existed.

Second, there is no constitutional right to plea bargain. *See Weatherford v. Bursey,* 429 U.S. 545, 561 (1977). "It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty." *Id.*

Third, Petitioner was offered a plea bargain by the prosecuting attorney but rejected the offer. Petitioner failed to show that he sought to enter into a sentencing agreement per *Cobbs* with the judge or that he would have pleaded guilty had the judge made a sentencing recommendation. He is not entitled to relief on his third claim.

### D. Petitioner's remaining claims are procedurally defaulted.

Respondent contends that Petitioner's remaining claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the

constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Respondent contends that Petitioner's prosecutorial misconduct claim is procedurally defaulted because Petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. *People v. Matthews*, 2014 WL 129327, at *3 (Mich. Ct. App. Jan. 14, 2014)

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim. The Michigan Court of Appeals' review of Petitioner's claim for plain error should be viewed as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001).

Petitioner has offered no reasons for his failure to preserve this claim.

Respondent contends that Petitioner's remaining claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This order, however, did not refer to

subsection (D)(3) nor did it mention Petitioner's failure to raise his fifth or sixth claims on his direct appeal as a rationale for rejecting his post-conviction claims. Because the Michigan Supreme Court form order in this case citing Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims. *Id.*

The Michigan Court of Appeals denied Petitioner's post-conviction appeal holding that "The defendant alleges grounds for relief that could have been raised previously and he has failed to establish good cause for failing to previously raise the issues and actual prejudice from the irregularities alleged, and has not established that good cause should be waived. MCR 6.508(D)(3)(a) and (b)." *People v. Matthews,* No. 329994 (Mich.Ct.App. Jan. 6, 2016). The Michigan Court of Appeals clearly denied Petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, Petitioner's post-conviction claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). Petitioner's fifth and sixth claims are procedurally defaulted. [2]

---

[2] Petitioner could not have procedurally defaulted any ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291. However, for the reasons stated below, Petitioner is not entitled to habeas relief on this claim.

With respect to his post-conviction claims, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and cause prejudice to a defendant by omitting a "dead-bang winner," that is, an issue obvious from the trial record that would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his post-conviction motion for relief from judgment. Appellate counsel filed a twenty-page appellate brief which raised the first four

claims that Petitioner has presented in his petition. *See* Dkt. # 8-12. The first claim raised by appellate counsel was the sufficiency of evidence claim upon which this Court is granting relief in part. Petitioner has not shown that appellate counsel's strategy in presenting these four claims and not raising other claims was deficient or unreasonable. Moreover, for the reasons stated by the Allegan County Circuit Court in rejecting Petitioner's post-conviction claims and by the Assistant Michigan Attorney General in the answer to the amended petition for writ of habeas corpus, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners." Because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano,* 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because these post-conviction claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by Petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010).

In the present case, Petitioner has failed to show cause to excuse his default of the claims that he raised for the first time on state post-conviction review. Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. at 533.

Additionally, Petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider his fourth

through sixth claims as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner's sufficiency of evidence claim is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because Petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review Petitioner's procedurally defaulted claims on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

## IV. CONCLUSION

The Court grants Petitioner a writ of habeas corpus with respect to his first claim. The Court denies relief with respect to the remaining claims.

The Court will also deny a certificate of appealability to Petitioner with respect to his second through seventh claims. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas Petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a

certificate of appealability should issue, and an appeal of the district court's order may be taken, if the Petitioner shows that jurists of reason would find it debatable whether the Petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability with respect to his second through seventh claims because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to these claims.

## V. ORDER

The Court hereby **ORDERS** that:

1) the petition for writ of habeas corpus is **CONDITIONALLY GRANTED IN PART**. Unless the state takes action to **VACATE** Petitioner's first-degree home invasion conviction, **ENTERS JUDGMENT** against Petitioner on the offense of second-degree home invasion, and orders **RE-SENTENCING** within ninety (90) days of the date of this opinion, Petitioner may apply for a writ ordering his release from custody forthwith;

2) an unconditional writ is granted with respect to the felony-firearm conviction, and that conviction is ordered **VACATED**;

3) Petitioner's habeas relief requests with respect to his remaining claims are **DENIED**; and

4) Petitioner's request for a certificate of appealability is **DENIED**.

Dated: April 30, 2018          s/Terrence G. Berg
_____
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 30, 2018.

                               s/A. Chubb
_____
                               Case Manager